IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SAUL GARCIA,**

        **Petitioner,**

    v.                              CASE NO. 10-3147-RDR

**UNITED STATES
ATTORNEY GENERAL, et al.,**

        **Respondents.**

**O R D E R**

This petition for writ of habeas corpus was styled as one brought pursuant to 28 U.S.C. § 2241 and originally filed in the United States District Court for the District of Columbia. Because, Mr. Garcia is an inmate at the United States Penitentiary, Leavenworth, Kansas, and his custodian is within this district, the D.C. federal court transferred this action here. Having examined the file the court finds as follows.

Petitioner has filed an Application to Proceed Without Prepayment of Fees (Doc. 2). He has written upon the motion that he will pay the $5.00 filing fee when he has a case number; however, over two months have passed since this case was filed with a number and he has not paid the fee. Furthermore, petitioner's motion to proceed without prepaying the fee is inadequate for the reason that he has not provided specific financial information in support. This court requires that a prisoner seeking to bring an action without prepayment of fees submit, in addition to an affidavit described in subsection 28 U.S.C. § 1915(a)(1), a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at

which the prisoner is or was confined." See 28 U.S.C. 1915(a)(2). This action may not proceed until petitioner has submitted the requisite financial information. He will be given time to provide a copy of his inmate account transactions, and is cautioned that this action may be dismissed if he fails within the allotted time to satisfy the filing fee by either providing sufficient information to support his motion or by paying the fee.

The court further finds from the allegations in the Petition, that Mr. Garcia has failed to state a claim for relief under 28 U.S.C. § 2241. In support of his Petition, Mr. Garcia alleges as follows. He was convicted by a jury in the United States District Court for the Southern District of Indiana of conspiracy to distribute in excess of 500 grams of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1). USA v. Garcia, 07-cr-0012-09 (S.D. Ind.). He was sentenced on December 3, 2007, to 380 months in prison. His direct appeal to the Seventh Circuit Court of Appeals was denied on September 1, 2009. U.S. v. Garcia, 580 F.3d 528, 542-43 (7th Cir. 2009). He states that he has filed "no previous petitions" and does not disclose if he has sought relief by filing a motion pursuant to 28 U.S.C. § 2255.

Petitioner's claims in the instant § 2241 Petition are clearly attacks upon his criminal conviction and sentence,[1] which were

---

[1] Petitioner claims he is a Mexican National and was denied his rights under "The Vienna Convention" to contact an official representative of his native country to assist him with all legal proceedings. He also claims that he was not provided an interpreter and did not understand the legal proceedings. He further claims that his conviction and sentence are illegal because his counsel was ineffective in not informing him of any mandatory deportation, and in not bringing to the court's attention that his sentence was limited to 120 months by the "exact drug amount" in the indictment. He claims the Mexican Consular would have addressed these issues to him. These are claims that could have been presented on direct appeal and may now only be presented by § 2255 motion filed in the sentencing court.

entered in a federal district court in Indiana. Once direct criminal appeal has been completed, a motion under § 2255 is the proper procedure for such challenges. 28 U.S.C. § 2255 and pertinently provides:

> A prisoner in custody under sentence of a (federal) court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

Id. That section additionally provides:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him . . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Id. A § 2255 motion must be filed in the sentencing court, which is this instance is the Southern District of Indiana.

A § 2241 petition has a distinct purpose from a § 2255 motion. It is used to attack the execution of a sentence rather than its validity. A § 2241 Petition "is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under § 2255." Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963)(per curiam), cert. denied, 377 U.S. 980 (1964). A motion under § 2255 is the "exclusive remedy" for challenging a federal conviction and sentence unless there is a showing that the remedy is inadequate or ineffective. See 28 U.S.C. § 2255; Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000). The § 2255 remedy is inadequate or ineffective only in "extremely limited circumstances." Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999). Petitioner makes no attempt to allege circumstances

3

showing that the § 2255 remedy is inadequate.[2]  In short, there simply is no jurisdiction in this court under § 2241 to hear petitioner's challenges to his conviction and sentence.  Haugh, 210 F.3d at 1150.

Petitioner is given time to satisfy the filing fee prerequisite by either paying the fee or submitting the financial information required to support his motion to proceed without fees, as well as to show cause why this action should not be dismissed, without prejudice, because this court lacks jurisdiction to hear his challenges to his conviction and sentence.  If he fails to do either within the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner is granted twenty (20) days in which to satisfy the filing fee by paying $5.00 or submitting the requisite financial information to support his motion to proceed without fees, and to show cause why this action should not be dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

**DATED:  This 5th day of October, 2010, at Topeka, Kansas.**

> **s/RICHARD D. ROGERS**
> **United States District Judge**

---

[2] 28 U.S.C. §2255 further provides that second or successive petitions shall not be entertained, 28 U.S.C. § 2255(e); and that a one-year period of limitation shall apply to such petitions, 28 U.S.C. § 2255(f).  The mere fact that a federal prisoner may be precluded from filing a Section 2255 motion by either the time-bar or the second and successive provision does not establish that the § 2255 remedy is inadequate, and thus does not render his claim cognizable under 28 U.S.C. § 2241.